UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICKEY L. DAVIS,<br>SHERONDA DAVIS, | ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. 1:11-cv-00771-SEB-MJD |
| | ) | |
| CARMEL CLAY SCHOOLS, | ) ) | |
| Defendant. | ) | |

**DISCOVERY ORDER**

This matter comes before the Court on Interested Party the
Office of the Prosecuting Attorney for the 24th Judicial
District's (the "Prosecutor") Motion to Quash Subpoena [Dkt. 22]
and Plaintiffs' Motion to Compel Production of Documents from
Non-Parties, The Hamilton County Prosecutor's Office and the
City of Carmel Police Department, Pursuant to Plaintiffs' Non-
Party Subpoena Duces Tecum [Dkt. 68].

**I. BACKGROUND**

On October 7, 2011, Plaintiffs served a non-party subpoena
on the Prosecutor requesting production of "[a]ll documents in
the Prosecutor's file, including the entire report, photos, and
any and all statements that related to the incident that took
place on January 22, 2012, involving [M.D.] and the 4 Carmel
High School Basketball Players as well as any reports of

bullying and harassment reported between 2009 and 2010"[1] among

other documents and things, including grand jury transcripts,

reports, records, videos and statements obtained from Carmel

High School officials, teachers, coaches and/or students

concerning the investigation of the alleged acts of bullying

from which this case stems.  Plaintiffs also requested

statements that the Prosecutor obtained from Hamilton County

Child Protective Services and communications between the

Prosecutor and defense attorneys representing any and all

defendants in the incident involving M.D.  A similar subpoena

duces tecum was also served on the City of Carmel Police

Department (the "City") on November 16, 2011.

The Prosecutor responded to the subpoena by asserting

blanket privileges on its entire file, primarily relying upon

the law enforcement investigatory privilege, attorney work

product privilege, deliberative process privilege, and various

statutory privileges as the basis for its refusal to comply with

the subpoena.  The Prosecutor has also asserted that these

documents are available from other sources and that producing

them would be unduly burdensome.  The City responded to the

subpoena by asserting a blanket law enforcement investigatory

privilege and statutory privileges.

---

[1]The original request asked for information related to alleged acts of bullying involving any other Carmel High School Student for the past ten years; however, Plaintiffs later limited that request to two years.

## II. DISCUSSION

Federal Rule of Civil Procedure 45 requires the Court to quash a subpoena that "requires disclosure of privileged or other protected matter, *if no exception or waiver applies*." Fed. R. Civ. P. 45(c)(3)(A)(iii) (emphasis added). Generally, privileges are disfavored because they are in derogation of the search for truth; thus, courts have been historically cautious about their application. *See United States v. Nixon*, 418 U.S. 683, 710 (1974). The party (or non-party as the case may be) asserting the privilege bears the burden of justifying application of a privilege. *Jones v. City of Indianapolis*, 216 F.R.D. 440, 443-44 (S.D. Ind. 2003); *Anderson v. Marion Cty. Sheriff's Dept.*, 220 F.R.D. 555, 561 (S.D. Ind. 2004).

### A. Attorney Work Product Privilege

One basis for the Prosecutor's refusal to comply with the subpoena is its claim that the documents requested are protected by the attorney work product privilege. Federal Rule of Civil Procedure 26(b)(3)(A) provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for *another party* or its representative…." (emphasis added). A third party who is neither a party to nor interested in the action may not assert the work product doctrine to protect its files or documents, even if the person is a party to a closely related lawsuit.

*Galambus v. Consolidated Freightways Corp.*, 64 F.R.D. 468, 473 (N.D. Ind. 1974); 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2024, at 354. Several courts have also found specifically that the work product privilege is unavailable when a prosecutor in a prior criminal investigation later objects to discovery by a litigant in a subsequent and related civil lawsuit. *See Otrowski v. Holem*, No. 02 C 50281, 2002 WL 31956039 at *4 (N.D. Ill. January 21, 2002); *Hernandez v. Longini*, No. 96 C 6203, 1997 WL 754041 at *2 (N.D. Ill. November 13, 1997); *Doubleday v. Ruh*, 149 F.R.D. 601, 605-06 (E.D. Cal. 1993); *Gomez v. City of Nashua*, 126 F.R.D. 432, 434 n. 1 (D.N.H. 1989).

The Prosecutor repeatedly characterizes itself as being an adversary or opponent of the Plaintiffs[2] and argues that the policy behind the work product privilege of preventing a litigant from "taking a free ride on the research and thinking of his opponent's lawyer" should prohibit disclosure. [Dkt. 22 at 8 (quoting *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006)]. However, the Prosecutor is not a party to this lawsuit, nor has it ever been a representative of any party to this lawsuit, as expressly required under the language of Federal Rule of Civil Procedure 26(b)(3).

---

[2] This is an interesting position in light of the fact that the Plaintiffs are the parents and representatives of the alleged victim in the matter at issue being prosecuted by the Prosecutor.

The *Hobley* case cited by the Prosecutor is distinguishable from this case. In *Hobley*, the non-party attorney asserting the work product privilege was a former counsel of the city of Chicago, which was a party in the civil lawsuit. *Hobley*, 433 F.3d at 949. The attorney in *Hobley* was a representative of a party, which is entirely different from the situation in this case. The Prosecutor was never a representative for Carmel Clay Schools, and the materials in its file were never prepared for any litigation involving the Defendant herein.

The Prosecutor's argument that its files are protected by work product privilege is even more problematic considering that the Prosecutor admitted that it disclosed a number of documents that would be responsive to Plaintiffs' discovery request to the criminal Defendants' attorneys during the criminal case, and that these documents were omitted from the privilege log filed with the Court. [Dkt. 69 at 10-12]. The victim of the crime that the Prosecutor was responsible for protecting is not an adversary, and the fact that the Prosecutor was willing to turn over documents that it now claims are privileged work product to a party who was a true adversary in the underlying criminal case does not support the Prosecutor's argument that their files are now entitled to attorney work product protection in the civil lawsuit. Thus the Prosecutor is unable to assert the work product privilege to avoid discovery of its files.

### B. Law Enforcement Investigatory Privilege[3]

Both the Prosecutor and the City claim that their files are protected from disclosure by the law enforcement investigatory privilege. The law enforcement investigatory privilege is a qualified common law privilege that protects civil and criminal law enforcement investigatory files from civil discovery and is incorporated under Rule 26(b). *Jones*, 216 F.R.D. at 443-44. The purpose of the privilege is to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard privacy of individuals involved in an investigation, and otherwise prevent interference with an investigation." *Id.* at 444. The law enforcement investigatory privilege is not absolute; rather, it may be overridden in appropriate cases by the need for the privileged materials. *Id.* Indiana Code § 5-14-3-4(a) allows for the disclosure of these records as required by state or federal statute, or upon order of the court under the rules of discovery. Courts must balance the public interest in protecting police investigations against the needs of plaintiffs in civil matters. To do so, the Court will consider a ten factor balancing test first articulated in *Frankenhauser v.*

---

[3] Closely related to the law enforcement investigatory privilege, the Prosecutor lists some documents in its privilege log as being protected by the deliberative process privilege. However, the Prosecutor does not address this argument in any of

*Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973). *Jones*, 216 F.R.D. at

444. These factors include:

> (1)     The extent to which disclosure will thwart
>          governmental processes by discouraging
>          citizens from giving the government
>          information;
> (2)     The impact upon persons who have given
>          information of having their identities
>          disclosed;
> (3)     The degree to which governmental self
>          evaluations and consequent program
>          improvement will be chilled by disclosure;
> (4)     Whether the information sought is factual
>          data or evaluative summary;
> (5)     Whether the party seeking discovery is an
>          actual or potential defendant in any
>          criminal  proceeding either pending or
>          reasonably likely   to follow from the
>          incident  in question;
> (6)     Whether the investigation has been
>          completed;
> (7)     Whether any interdepartmental disciplinary
>          proceedings have arisen or may arise from
>          the investigation;
> (8)     Whether the plaintiff's suit is non-
>          frivolous and brought in good faith;
> (9)     Whether the information sought is
>          available through other discovery or from
>          other sources; and
> (10)    The importance of the information sought
>          to the plaintiff's case.

*Id.* (citing *Tuite v. Henry*, 181 F.R.D. 175, 177 (E.D. Pa.

1973)).  The Court has considerable leeway in evaluating these

factors, and the determination as to whether the privilege

applies is within the discretion of the district court.

*Anderson*, 220 F.R.D. at 563.

   *1. The extent to which disclosure will thwart governmental*

---

its briefs, so the issue is therefore waived.

*processes by discouraging citizens from giving the government information.*

The Prosecutor and the City argue that disclosure of information obtained from high school students with regard to a sexual assault criminal investigation would have an impact on the likelihood of students coming forward with information in the future due to the "realities of high school life and potential effect on witnesses." [Dkt. 30 at 10]. However, the Prosecutor has not identified any statements from students that it seeks to keep confidential, nor does it explain what negative impact could result from the disclosure aside from a generalized assertion that disclosure of all of the witness statements will have a chilling effect. The Prosecutor also fails to explain how disclosure of the other documents requested by Plaintiffs will discourage citizens from providing the government with information. As noted by the *Jones* court, an attempt to shield an entire investigatory file without specifically stating which statements ought to be protected is an approach that is unavailing because it is overbroad. *Jones*, 216 F.R.D. at 449. The City also makes an insufficient blanket assertion that disclosure of information about witness statements will discourage cooperation. Thus, this factor weighs in favor of disclosure.

*2. The impact upon persons who have given information of having their identities disclosed.*

The Prosecutor argues that "the impact on a high school community should not be underestimated" when determining whether to disclose the identities of students and employees of Defendant who provided witness statements, again without providing any detail as to what harmful impact might occur and to which witnesses [Dkt. 30 at 10]. The City argues that disclosure of witness identities will create distrust of the government and law enforcement. [Dkt. 64 at 7]. This is not a situation where witnesses provided statements anonymously, nor is it a situation where witnesses' lives could potentially be at risk if their names are disclosed to the victim of a sexual assault. The Court cannot accept the bald assertion that these employees and students will be subjected to harm at the hands of the "high school community" that outweighs the Plaintiffs' need to have a fair opportunity to pursue their case effectively. The alleged harm in the form of distrust of the government resulting from disclosure of the identities of the witnesses in a related civil case also does not outweigh Plaintiffs' need in this case. Thus, this factor weighs in favor of disclosure.

3. *The degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure.*

The Prosecutor argues that it should be able to freely gather elements of its investigatory file without "fear that the

opposing parties may come back on a related civil suit seeking disclosure of the methods and processes used by the office."
[Dkt. 30 at 11]. Again, the Plaintiffs in this case are not "opposing parties" to the Prosecutor, and the methods of the Prosecutor and the City are not of concern to these Plaintiffs. Plaintiffs have not alleged any wrongdoing by the Prosecutor or the City, thus there is no implication of the Prosecutor's or City's programs or methods. Plaintiffs merely seek this information to identify facts and witnesses and determine whether there was any wrongdoing on the part of the Defendant. This factor weighs in favor of disclosure.

4. *Whether the information sought is factual data or evaluative summary.*

Plaintiffs are seeking factual data in the custody of the Prosecutor and City regarding the bullying and sexual assault incident, not evaluative summaries of the decisions that were made by the Prosecutor and City with respect to its handling of the related criminal matters. Plaintiffs' subpoena requests communications between the Prosecutor and criminal defense attorneys, and between the City police department and the Hamilton County Prosecutor and police department, not internal communications regarding how the investigation was handled. This factor weighs in favor of disclosure.

5. *Whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either*

*pending or reasonably likely to follow from the incident in question.*

The Prosecutor and City acknowledge that Plaintiffs are not actual or potential defendants in a criminal proceeding based upon the incident at issue. Accordingly, this factor weighs in favor of disclosure.

*6. Whether the investigation has been completed.*

The individuals at issue are not involved in any ongoing investigations and the criminal proceedings, including sentencing of criminal defendants, have been completed. As discussed above, the attorney work product privilege does not apply under these circumstances. This factor weighs in favor of disclosure.

*7. Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation.*

Neither the Plaintiffs nor the Prosecutor and City have pointed to any existing or potential interdepartmental disciplinary actions arising from the investigation. Again, the focus of Plaintiffs' claims is not upon the actions of the Prosecutor or City, but rather on the Defendant. This factor weighs in favor of disclosure.

*8. Whether the Plaintiff's suit is non-frivolous and brought in good faith.*

There is no indication or allegation that the Plaintiffs' claims against Defendant are frivolous or brought in bad faith;

therefore this factor weighs in favor of disclosure.

    *9. Whether the information sought is available through other discovery or from other sources.*

    The Prosecutor argues that Plaintiffs should obtain the requested information from other sources and that it does not have a number of the documents requested. The City also argues that the Plaintiffs should obtain the documents from other sources. However, the Plaintiffs have requested only those documents that are within the Prosecutor's and City's possession and are not asking the Prosecutor to seek out documents in the hands of other people or agencies. There has also been confusion as to what evidence was turned over to Prosecutor by the City, and who is in possession of originals and copies of evidence. [Dkt. 69 at 11-13]. The Prosecutor and the City will not be permitted to "hide the ball" by each claiming that the evidence is in possession of the other.

    In addition, Plaintiffs cannot obtain witness statements provided to the Prosecutor and City shortly after the incident in question through any other means, particularly considering that one of the allegations against the Defendant is that witnesses were encouraged to change their statements and testimony. Witnesses may not accurately recall what they told investigators, and decision makers may not accurately recall the bases for their actions taken at the time of the incident. *See*

*Anderson*, 220 F.R.D. at 567.  Thus, this factor weighs in favor
of disclosure.

> 10.    *The importance of the information sought to the*
>        *Plaintiffs' case.*

The information sought by Plaintiffs is quite critical to
their case.  Plaintiffs need to know what information
Defendant's students and employees initially provided to law
enforcement and what information was before the Defendants at
the time that decisions were made.  Being able to question
witnesses about alleged discrepancies in witnesses' statements
and the factual basis for Defendant's decisions is key to
Plaintiffs' case.  As such, this factor weighs in favor of
disclosure.

The Court concludes that, based upon an analysis of the
*Frankenhauser* factors, the law enforcement investigatory
privilege does not apply in this case.

**C. Documents Protected From Disclosure by Statute**

The Prosecutor claims that several documents are protected
from disclosure by statute under Indiana law.  These include
grand jury transcripts and proceedings (Ind. Code § 35-34-2-10),
reports of child abuse and neglect (Ind. Code § 31-33-18-2), and
presentence reports or memoranda (Ind. Code § 35-1-13). The City
also alleges that some of the documents on its privilege log are
confidential reports of child abuse or neglect.  The Court has

reviewed both the Prosecutor's and the City's privilege logs [Dkts. 67 and 69-8] and conducted an *in camera* review of certain documents listed in the Prosecutor's privilege log that it claims falls under these statutory protections.

1. *Grand Jury Transcripts and Reports*

The general rule regarding grand jury transcripts is that they be kept secret. *Hinojosa v. State*, 781 N.E.2d 677, 680 (Ind. 2003), *see Douglas Oil Co. of California v. Petrol Stops Northwest et al.*, 441 U.S. 211, 218-19 (1979). Indiana Code § 35-34-2-10(b) provides that a transcript of testimony of a grand jury witness may be produced only upon order of the court which impaneled the grand jury, and only after a showing of particularized need for the transcript. Plaintiffs argue that they can demonstrate a particularized need for the transcript and that this Court should order the Prosecutor to produce the transcript in the interest of time and efficiency. However, this Court is not in a position to make such a determination. In general, requests for disclosure of grand jury transcripts should be directed to the court that supervised the grand jury's activities, and the judge who supervised the grand jury is in the best position to review the request for such disclosure. *Douglas Oil*, 441 U.S. at 225-26; Ind. Code §35-34-2-10(b)(2)(A). Therefore, the Plaintiffs are not entitled to item 175 on the Prosecutor's Privilege Log [Dkt. 67 at 150], and must directly

petition the court that presided over the grand jury to obtain the transcript of the grand jury proceedings.

Next, Indiana Code § 35-34-2-10(a) prohibits a person who was present at a grand jury proceeding from disclosing any evidence or testimony given or produced, what a grand juror said, or any vote of a grand juror to any other person except to a person who was present or entitled to be present at that proceeding. The Prosecutor claims that several items on their privilege log related to the grand jury proceedings are protected from disclosure under Indiana Code § 35-34-2-10(a). However, these documents do not include the transcript of the testimony of witnesses during the grand jury proceedings, and a number of the documents are public filings. In addition, providing documents to a grand jury does not automatically make them immune from discovery, similar to a client's inability to provide an attorney with an otherwise non-privileged document in an attempt to make it privileged. Thus, disclosure of these remaining documents would not constitute unauthorized disclosure, and Plaintiffs are entitled to disclosure of these documents.

2.  *Department of Child Services Records*

Indiana Code § 31-33-18-1 makes confidential any reports and investigations of child abuse and neglect. However, such reports may be made available to an individual named in the

report or record who is alleged to be abused or neglected or the parents, guardians, custodians, and attorneys of a child named in such report, with protection for the identity of the reporters and other appropriate individuals. Ind. Code § 31-33-18-2. Thus, Plaintiffs are entitled to disclosure of any reports in which M.D. is named, provided that the identity of the reporters are protected. Plaintiffs are entitled to disclosure of documents 42, 60, 165 on the Prosecutor's Privilege Log [Dkt. 67 at 3, 5, 13], as these are all identical reports about M.D. in which the reporter's identity is not disclosed. Plaintiffs are also entitled to disclosure of document 327 on the Prosecutor's Privilege Log [Dkt. 67 at 30] because M.D. is referenced in the report; however, the identity of the reporter may not be disclosed and should be redacted prior to its production. Documents 279, 311, 325, and pages 1 through 8 of document 280 on the Prosecutor's Privilege Log [Dkt. 67 at 25, 28, 29] are confidential and may not be disclosed to the Plaintiffs.

Several documents listed on the City's privilege log relate to reports of child abuse or neglect; however, it is unclear as to who is the subject of each of these documents. The following documents on the City's Privilege Log [Dkt. 69-8] may be confidential under Indiana Code § 31-33-18-2:

- "Interviews at Chaucie's Place on 2/25/10" and the

identity, address, phone number and date of birth of
"Victim 2" included in pages 44 through 56 of the Carmel
Police Department Case Report Detail

- Chaucie's Place information sheet and "Multidisciplinary
  Team Confidentiality Sheet"

- Indiana Department of Child Services Authorization for
  Release of Information form dated 2/25/1[sic]

- Chaucie's Place (2) "Multidisciplinary Team Confidentiality
  Sheet," "Consent of the parent, guardian, or custodian to
  interview children," (2) Chaucie's Place information sheet

- Indiana Department of Child services preliminary report of
  alleged child abuse and neglect, dated February 17,
  2000[sic]

- Preliminary report of alleged child abuse or neglect, state
  form 11 4 (R3/7-94)/FPP 0310, preliminary report of child
  abuse or neglect in compliance with Indiana public law 276,
  act of 1979, IC 31-6-11-18

- Disc Number 1 – DVD Interview Victim #1

- Disc Number 2 – DVD Interview Victim #1

- Disc Number 5 – DVD Interview Victim #2

- Disc Number 55 – Locker Room Map-Chaucie's Place Interview
  with Victim #2

- Disc Number 56 – Locker Room Map-Chaucie's Place Interview

with Victim #1

To the extent that these documents are about or reference M.D., they should be produced to the Plaintiffs.  However, the Court is unable to determine from the City's Privilege Log which of these documents may be disclosed and which are confidential. The City must file an amended privilege log under seal, within seven days of the date of this Order, listing the documents above and designate, by initials, which individual(s) each document references so that the Court can make a determination as to which, if any, of these documents are confidential and which must be disclosed.

3.  *Presentence Reports*

Indiana Code § 35-38-1-13 provides that a presentence report or memoranda submitted to the court in connection with sentencing shall be kept confidential, and may not be made available to any person or public or private agency other than those enumerated in the statute.  Plaintiffs do not fall within any of the statutory exceptions for disclosure.  Thus, documents 27, 29, and 100 of the Prosecutor's Privilege Log [Dkt. 67 at 2, 8] are not subject to production.

**D.    Undue Burden and Availably From Other Sources**

The Prosecutor argues that Plaintiffs' subpoena imposes an undue burden upon it, and both the Prosecutor and the City argue that the documents are readily obtainable from other sources.  A

court may limit the scope of discovery if the discovery sought is unreasonably cumulative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C). Non-party status is a significant factor to be considered when determining whether the burden imposed by a subpoena is undue. *Morrow v. Air Ride Technologies, Inc.*, No. IP-05-133-Misc., 2006 WL 559288 at *1 (S.D. Ind. March 6, 2006). This factor is not absolute, and a court may weigh a number of factors to determine whether a subpoena is unduly burdensome, including "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, and the burden imposed." *Id.* (quoting *The Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662-63 (D. Kan. 2003) (internal quotations omitted)).

The Prosecutor does not provide any specific arguments as to how production of the requested documents imposes an undue burden besides making a blanket assertion of such. However, Plaintiffs have demonstrated that the documents are highly relevant to their case, as they relate to the underlying facts of this lawsuit and will assist the Plaintiffs in identifying witnesses and the discovery of other relevant evidence. Plaintiffs' subpoena is not overly broad, and Plaintiffs have

even further limited the time period of their original request from ten years to two years of documents. The documents requested are already in the Prosecutor's and City's files, many of which have already been organized and catalogued in order to be provided to the criminal defense attorneys in the related criminal case. The Court finds that Plaintiffs' request does not impose an undue burden on the Prosecutor or the City and the non-privileged documents must be disclosed as outlined herein.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part the Prosecutor's motion to quash, and GRANTS in part and DENIES in part the Plaintiffs' motion to compel. The motion to quash is GRANTED and the motion to compel is DENIED with respect to the following documents identified on the Prosecutor's Privilege Log: 27, 29, 100, 175, 279, 280 (with the exception of pages 7-8), 311, and 325 [Dkt. 67 at 2, 8, 25, 28, 29, 150]. The Prosecutor shall provide a redacted version of document 327 omitting the identity of the reporter. The motion to quash is DENIED and the motion to compel is GRANTED with respect to the remaining documents on the Prosecutor's privilege log, as well as any other documents or other materials responsive to Plaintiffs' subpoena that have been omitted from the privilege log. The Plaintiffs' Motion to Compel is GRANTED with respect to all evidence requested in its subpoena duces

tecum served on the City, with the exception of the documents discussed and specified above.  The City shall file an amended privilege log under seal within seven days of this order listing these documents and designate, by initials, which individual(s) the document references so that the Court can make a determination as to which, if any, of these documents are confidential and exempt from disclosure.

In order to protect the identity of the minor witnesses, the parties shall move the Court for entry of a protective order with the Prosecutor and the City within seven days of the date of this Order.

SO ORDERED.

Dated:   03/30/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Gregory P. Gadson
LEE FAIRMAN LLP
ggadson@nleelaw.com

Corinne T.W. Gilchrist
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov

Nathaniel  Lee
LEE FAIRMAN LLP
nlee@nleelaw.com

Rick D. Meils
MEILS THOMPSON DIETZ & BERISH
rmeils@meilsattorney.com

John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
jmervilde@meilsattorney.com

Liberty L. Roberts
COLLIER MAGAR & ROBERTS
liberty@cmrlawfirm.com

Cari L. Sheehan
LEE FAIRMAN LLP
csheehan@nleelaw.com

Robert B. Turner
LEE FAIRMAN LLP
rbtatty@aol.com