UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

```
RICKEY L. DAVIS,                )
SHERONDA DAVIS,                 )
                                )
          Plaintiffs,           )
     vs.                        ) NO. 1:11-cv-00771-SEB-MJD
                                )
CARMEL CLAY SCHOOLS,            )
                                )
          Defendant.            )
```

**ORDER ON MOTION FOR PROTECTIVE ORDER**

This matter comes before the Court on Defendant Carmel Clay School's Motion For Protective Order Prohibiting Parties And Their Counsel From Public Comment On The Issues Of This Case [Dkt. 41]. For the following reasons, Defendant's motion is **DENIED.**

**BACKGROUND**

This case arises out of allegations that Plaintiffs' child, M.D., was subjected to bullying, harassment and assault by older students while he was a student at Carmel High School, and that Defendant, Carmel Clay Schools, knew or should have known about the alleged incidents and failed to prevent or stop them. The four students involved were charged with and plead guilty to misdemeanor charges in a related incident. There has been considerable media coverage of the incident during both the criminal and civil proceedings, and the Plaintiffs, Plaintiffs'

1

attorney, the Hamilton County Prosecutor, parents, school officials, faculty, and others have all provided statements to the media.

Defendants request that the Court enter a protective order prohibiting the parties and their attorneys from making comments about the merits of the case to the media. Defendants argue that permitting the Plaintiffs and their counsel to make comments to the media would "present a substantial likelihood of prejudice to the Defendant in the event that this matter proceeds by a jury trial." [Dkt. 42 at 2]. Plaintiffs argue that such an order would impermissibly limit the Plaintiffs' and Plaintiffs' counsel's first amendment rights.

## DISCUSSION

In the Seventh Circuit, a trial court can limit a party's and their attorney's exercise of first amendment right of freedom of speech only where the record contains sufficient specific findings that the party's and their attorney's conduct poses a "serious and imminent threat to the administration of justice." *Robson v. United States*, 435 F.2d 1059, 1061 (7th Cir. 1970) (quoting *Craig v. Harney*, 331 U.S. 367, 373 (1947)), *In re Oliver*, 452 F.2d 111, 114 (7th Cir. 1971). "A blanket prohibition...against all comment in a case whether tried before a judge or jury without regard to whether such comment is or even could be prejudicial to the fair administration of justice

2

cannot stand without making a mockery of the free speech guarantee of the first amendment." *Oliver*, 452 F.2d at 114-15. The prohibition must be one that prevents imminent harm, not merely speculative harm. The court in *Robson* found that seven month old newspaper articles that formed the basis for the lower court's order prohibiting defendants and their attorneys from making any public statements in relation to their pending criminal case were not a sufficient basis for finding that the risk of harm was imminent, and did not support the proposition that the defendants' future first amendment utterances, if any, would interfere with the fair administration of the trial. *Robson*, 435 F.2d at 1061. Defendant asks the Court to apply the lower "reasonable likelihood" standard utilized in the 5th Circuit; however, Seventh Circuit case law is clear that this circuit applies the more stringent "serious and imminent threat" standard.

Defendant has not shown the requisite "serious and imminent threat" such that judicial proscription or limitation of contact with the media is warranted at this time. The majority of the media sources cited by Defendants in their brief are over a year old and pre-date the filing of the civil lawsuit, which, based on *Robson*, is insufficient to support a finding of an imminent threat. The *Calabrese* case cited by the Defendant is distinguishable from this case in that it arose from statements

3

made during the pendency of a criminal trial and involved unauthorized disclosures of sealed information and a jury that was not sequestered. *United States v. Calabrese*, 02 CR 1050, 2007 WL 2075630 (N.D. Ill. July 13, 2007). In addition, the order in *Calabrese* was in response to media comments that had already occurred during the early stages of the trial and was meant to put a halt to additional prejudicial comments to the media. *Id.* at *4-5. The need to limit Plaintiffs' contact with the media by means of a protective order is premature and would impermissibly impede the exercise of Plaintiffs' and Plaintiffs' counsel's first amendment rights.

In addition, Indiana Rule of Professional Conduct 3.6 (Trial Publicity)[1] clearly sets out what lawyers may and may not say in public communications regarding a case. Under this rule, a lawyer may not make public comments that will have "a substantial likelihood of materially prejudicing an adjudicative proceeding…." Ind. R. Professional Conduct 3.6(a). However, the rule also permits a lawyer to make statements to "protect a client from the substantial undue prejudicial effect of *recent* publicity not initiated by the lawyer or the lawyer's client." Ind. R. Professional Conduct 3.6(c) (emphasis added). Both Plaintiffs' and Defendant's counsels are equally bound by the

---

[1] Attorneys appearing before this Court are bound by the Indiana Rules of Professional Conduct under Local Rule 83-5(e).

4

requirements of this rule and must act within its boundaries when making statements to the media.  The Court finds that this rule is sufficient to govern the conduct of counsel in this case, and any potential future violations of this rule of professional conduct may be addressed as the need arises.

**CONCLUSION**

For the foregoing reasons, Defendant's motion is **DENIED.**

Dated: 04/09/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Gregory P. Gadson
LEE FAIRMAN LLP
ggadson@nleelaw.com

Corinne T.W. Gilchrist
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov

Nathaniel Lee
LEE FAIRMAN LLP
nlee@nleelaw.com

Rick D. Meils
MEILS THOMPSON DIETZ & BERISH
rmeils@meilsattorney.com

John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
jmervilde@meilsattorney.com

Liberty L. Roberts
COLLIER MAGAR & ROBERTS
liberty@cmrlawfirm.com

Cari L. Sheehan

LEE FAIRMAN LLP
csheehan@nleelaw.com

Robert B. Turner
LEE FAIRMAN LLP
rbtatty@aol.com