UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

```
RICKEY L. DAVIS,                )
SHERONDA DAVIS,                 )
                                )
        Plaintiffs,             )
             vs.                ) NO. 1:11-cv-00771-SEB-MJD
                                )
CARMEL CLAY SCHOOLS,            )
                                )
        Defendant.              )
```

**ORDER ON MOTION TO RECONSIDER**

This cause is before the Court on interested non-party the Office of the Prosecuting Attorney for the 24th Judicial Circuit's (hereinafter "the Prosecutor") motion to reconsider the Court's Order of March 30, 2012 [Dkt. 77] denying in part the Prosecutor's Motion to Quash, and granting in part the Plaintiff's Motion to Compel.  For the reasons detailed in this entry, the Prosecutor's motion to reconsider is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Plaintiffs Ricky L. Davis and Sheronda Davis, next best friends of minor M.D., served a subpoena under Federal Rule of Civil Procedure 45 on the Prosecutor, seeking discovery of materials related to the investigation and prosecution of the defendants in the criminal matter that is related to the underlying incident giving rise to this case.  The Prosecutor

1

filed a Motion to Quash and the Plaintiffs filed a Motion to Compel related to the materials sought.  The Prosecutor sought to assert several privileges to protect the materials from disclosure, including the work product and statutory privileges. After conducting an *in camera* review, the Court denied in part the motion to quash and granted in part the motion to compel in an order dated March 30, 2012.  The Prosecutor timely filed its motion to reconsider that order on April 16, 2012 [Dkt. 90], claiming that certain documents that were ordered to be disclosed are protected by the work product privilege, and that document 310 on the Prosecutor's privilege log was protected from disclosure under a state law governing the disclosure of information related to an investigation of allegations of abuse of a minor.

## LEGAL STANDARD

Motions to reconsider serve a limited function, to be used "where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)). The parties may not introduce evidence previously available but unused in the prior proceeding or

2

tender new legal theories. *See In re Prince,* 85 F.3d 314, 324 (7th Cir.1996); *Bally Export Corp. v. Balicar Ltd.,* 804 F.2d 398, 404 (7th Cir.1986). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact. *In re Prince,* 85 F.3d at 324. A motion to reconsider is not an occasion to make new arguments. *Granite State Ins. Co. v. Degerlia,* 925 F.2d 189, 192 n. 7 (7th Cir. 1991).

## DISCUSSION

**A.   Document 310**

The Prosecutor objects to the disclosure of document 310 on its Privilege Log, [Dkt. 67 at 28], on the basis that it contains some information on investigations of allegations of abuse regarding minor children other than M.D.  While the Court's prior order did not specifically reference document 310, the Court ordered that "Plaintiffs are entitled to disclosure of any reports in which M.D. is named, provided that the identity of the reporters are protected" and the identity of the reporter must be redacted prior to its production. [Dkt. 77 at 16.] Therefore, the motion to reconsider the Court's ruling with regard to document 310 is GRANTED IN PART.  To the extent that document 310 references any other minor besides M.D., the name of the other minor or minors, as well as any other information not pertaining to M.D., should be redacted prior to disclosure.

3

**B.    Relevance of Remaining Documents**

The Prosecutor asks the Court to reconsider its determination that a non-party is not entitled to work product protection, and seeks protection of stand-alone prosecutorial notes, drafts of legal pleadings and case documents, case research, documents with prosecutorial notes on them, and communications between prosecutors.

While the Court declines to reconsider its ruling that the Prosecutor is not entitled to work-product protection as it relates to discovery sought by a non-party or a non-interested party, the Court finds that the Plaintiffs are not entitled to disclosure of some of the Prosecutor's documents on relevance grounds.

Under Rule 45(c)(3)(A)(iv), the court must quash a subpoena if it subjects a person to undue burden.  Relevancy is one of the factors a court must consider when determining whether a subpoena imposes undue burden on a non-party.  *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895 (S.D. Ind. 2006). Additionally, non-party status is a significant factor to be considered when assessing undue burden for the purpose of a Rule 45 motion.  *Id.* at 895-96.

The Court finds that the requests for stand-alone prosecutorial notes, drafts of legal pleadings and case documents, case research, documents with prosecutorial notes on

4

them, and communications between prosecutors must be quashed on the basis that they are not relevant, thus imposing an undue burden on the Prosecutor as a non-party to this case. These documents do not meet the test for relevancy, as they are not likely to lead to the discovery of admissible evidence.

With regard to the prosecutorial notes – both stand alone and other documents with prosecutorial notes on them – these documents and notes relate to the Prosecutor's investigation of the case, not Defendant Carmel Clay School's knowledge about the alleged incident, which is what is at issue in this case. Therefore, the Prosecutor's motion to reconsider the Court's order on its motion to quash the subpoena for documents 1, 50, 52, 80, 103, 109, 131, 134, 161, 176, 181, 197 -201, 209, 212, 213, 219, 221, 225, 227, 236, 247, 266, 276, 297, 298, 307, 316, 323, 324, 333, 360, 365, and 367 is GRANTED.  Likewise, the request for redaction of documents 21, 71, 84, 107, 135, 315, 318, 320, 330, 331, 332, 334, and 343 is GRANTED.  The Prosecutor is to redact all handwritten Prosecutor notes prior to disclosure of these documents.

Regarding drafts of legal pleadings and case documents, these are also not likely to lead to the discovery of admissible evidence and are therefore not relevant.  These documents were never used in the proceedings and also would not relate to the Defendant's knowledge or handling of their internal

5

investigations. The Prosecutor's motion to reconsider the Court's order on its motion to quash the subpoena for documents 70, 71, 99, 101, 105, 117, 214, and 239 is GRANTED.

The documents relating to legal research performed by the Prosecutor are also not relevant to the Plaintiffs' case. There is nothing in the printouts of case law and statutory authority that would lead to admissible evidence related to the Plaintiffs' case. The Prosecutor's motion to reconsider the Court's order on its motion to quash the subpoena for documents 16, 89, 124, 129, 215, 216, 226, 234, 235, 300, 350, 361, and 366 is GRANTED.

Finally, with regard to internal communications between prosecutors, these documents also are not relevant to the issue of the Defendant's knowledge and investigation of the alleged incident. These communications primarily relate to the Prosecutor's handling and investigation of the related criminal matter and would not lead to the discovery of relevant, admissible evidence. The Prosecutor's motion to reconsider the Court's order on its motion to quash the subpoena for documents 61, 114, 149, 173, 202, 245, 299, and 388 is GRANTED.

## CONCLUSION

For the foregoing reasons, the Prosecutor's Objections to Order Denying in Part the Prosecutor's Motion to Quash and Granting In Part the Plaintiff's Motion to Compel are GRANTED IN

PART and DENIED IN PART.

Date: 10/11/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email

7