UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKEY L. DAVIS, )<br>SHERONDA DAVIS next best friends of )<br>M.D., )<br> )<br>Plaintiffs, )<br> )<br>vs. )<br> )<br>CARMEL CLAY SCHOOLS, )<br> )<br>Defendant. ) | No. 1:11-cv-00771-SEB-MJD |

**ORDER GRANTING DEFENDANT'S MOTION TO
QUASH SUBPOENA TO DARREN MILLER [DKT. 170]**

Defendant Carmel Clay Schools filed a Motion to Quash Subpoena on April 11, 2013. [Dkt. 170.] Plaintiffs filed a Response on April 22, 2013. [Dkt. 176.] Defendant filed a reply on April 25, 2013. [Dkt. 177.] The Court, being duly advised **GRANTS** Defendant's Motion and orders the subpoena issued to Darren Miller and Strategic Forensic, LLC, hereby **QUASHED**.

**I.     Background.**

Plaintiffs are the parents of minor plaintiff M.D. who allege that M.D. was harassed while attending Camel High School and acting as the manager of the freshman basketball team. Plaintiffs allege that M.D. was harassed and assaulted and that the Defendant failed to respond to M.D.'s harassment and abuse.

The Defendant, Carmel Clay Schools, contends that it had no knowledge of any of the alleged acts of harassment and assault until the parents of another student so informed the school administration. Moreover, the Defendant argues that the alleged perpetrators did not believe they were bullying, assaulting, or harassing M.D. against his will.

During the course of discovery, the parties indicated their intent to use expert witnesses. After several amendments to the Case Management Plan deadlines, Defendant's expert disclosures were due on March 5, 2013. [*See* Dkt. 164.] On March 4, 2013, counsel for Defendant contacted counsel for Plaintiffs via email and informed her that Defendant's sole testifying expert witness, Darren Miller, suffered a head injury and that a one-week extension would be necessary to provide Plaintiff with Mr. Miller's expert report. [Dkt. 172-3.] On March 5, 2013, Defendant served the following expert disclosure to Plaintiff:

> 2. Defendant expects to call Darren Miller of Strategic Forensic, LLC as an expert witness. The subject matter of his testimony will concern the Bus 50 hard drive and the video of the bus trip to and from Terre Haute, Indiana, on January 22, 2010 that is the subject of this litigation. Mr. Miller's CV is attached to this Disclosure. As outlined in e-mail correspondence of March 4, 2013, Mr. Miller's report will be served on or before March 12, 2013.

[Dkt. 172-4.] The same day, Defendant served its Final Witness List, which included Mr. Miller as a testifying expert witness. [Dkt. 168.] The following day, March 6, 2013, via email, Plaintiff's counsel noted the Rule 26(a)(2)(b) deficiencies in Defendant's expert disclosure (i.e., that Defendant had served no expert report) and requested that the report be provided within the next business day. [Dkt. 172-5.] The parties came to an understanding that Mr. Miller's report would be served on or before March 12, 2013.

One week after serving its expert witness disclosure, on March 12, 2013, Defendant served an Amended Expert Witness Disclosure that removed all mention of Darren Miller and disclosed no experts at all. [Dkt. 172-6.] The next day, March 13, 2013, through email correspondence, Defendant's counsel confirmed that Defendant "will not be using the previously listed Expert Darren Miller." [Dkt. 172-7.] According to Defendant, Plaintiff provided the requisite notice of intent to serve a subpoena to Mr. Miller on March 21, 2013 – eight days after

2

learning that Defendant would not be using Mr. Miller as a testifying expert witness. On April 1, 2013, Plaintiff sent a Subpoena to Produce Documents to Darren Miller requesting the following:

> 1. All correspondence, emails, reports, notes, records, files, memorandum, telephone records, recordings, invoices, copies of payments, files, or other documentation relating to your analysis, conclusions and review of the Bus #50 hard drive and the video of the bus trip to and from Terre Haute, Indiana, on January 22, 2010 that is the subject of the above referenced litigation.
>
> 2. All correspondence, emails, notes, recordings, and other communications made between you and Rick Meils and/or John Mervilde, at Meils Thompson Dietz & Berish, Two Market Square Center, 251 East Ohio Street, Ste. 830, Indianapolis, IN 46204.

[Dkt. 172-8.]

It appears that the only meet and confer conducted by the parties related to the subpoena directed at Mr. Miller was a single, unresponded to email from Mr. Mervilde (counsel for Defendant) to Ms. Sheehan (counsel for the Plaintiffs) dated March 27, 2013, indicating that Defendant would be moving to quash the subpoena unless Plaintiffs agree to withdraw it. [Dkt. 172-9.][1]

### II. When Is an Expert Witness "Disclosed" as a Testifying Expert Pursuant to Fed. R. Civ. P. 26?

The issue before the Court is whether a witness who was identified as a testifying expert, but never produced a report or provided testimony, can be re-designated as a non-testifying or consulting expert to be shielded from discovery. The more precise question before this Court is what constitutes "designation" of an expert witness. Defendant argues that because it did not fully disclose Mr. Miller as a testifying expert (i.e., did not produce the expert report required

---

[1] The Court reminds the parties of their obligation to meet and confer pursuant to S.D. Ind. L.R. 37-1, prior to filing discovery motions. *See also Loparex, LLC v. MPI Release Techs., LLC*, Case No. 1:09-cv-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011) ("[T]he local rule contemplates an actual meeting with a date, time, and place – whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face. An old-fashioned chat over coffee might prove especially productive."). In the future, any discovery-related motions filed without compliance with L.R. 37-1 will be summarily denied.

under Rule 26(a)(2)), he is a consulting expert and Plaintiff must show exceptional circumstances to depose him. Plaintiff counters that because Defendant identified Mr. Miller as a testifying expert, he has waived the confidentiality provided for consulting experts and Mr. Miller is subject to discovery. The distinction is significant because it is well established that "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D); *see also CSC Holdings, Inc. v. Redisi,* 309 F.3d 988, 993 (7th Cir. 2002) (citing Fed. R. Civ. P. 30(a)).

> With respect to disclosure of an expert witness, Fed. R. Civ. P. 26(a) provides:
>
> (2) *Disclosure of Expert Testimony.*
>
> (A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

The Rule requires that parties "disclose the identity of any [expert] witness it may use at trial" pursuant to 26(a)(2)(A). With regard to certain expert witnesses, that "disclosure must be accompanied by a written report" that contains the elements of Rule 26(a)(2)(B). The issue before the Court is whether the disclosure is complete when a party provides the **name** of the expert witness only and has not yet provided the required **report**. Defendant contends that providing the name only constitutes only ½ of the required "disclosure" and thus an expert disclosure without a report is no disclosure at all. Plaintiff counters that the disclosure of Mr. Miller's name as a testifying expert is sufficient enough to strip him of "consulting" expert status and allow Plaintiff to conduct discovery of Mr. Miller without a showing of "exceptional circumstances" required by Fed. R. Civ. P. 26(b)(4)(D).

### A. The Pre-2009 Prevailing View that an Expert Can Be Re-designated as a Non-Testifying Expert to Retain the Protections of Fed. R. Civ. P. 26(b)(4)(D).

Defendant's argument that it can change its mind about whether to use an expert witness and thus, affect the whether that witness is subject to discovery from the opposing party, was the seemingly unopposed majority view until 2009. In general, district courts around the county have held that where a party changes an expert witness's designation, that expert cannot be subject to discovery absent a showing of "exceptional circumstances" pursuant to Fed. R. Civ. P. 26(b)(4)(D). *See Sunrise Opportunities, Inc. v. Regier*, 05-c-2825, 2006 WL 581150 (N.D. Ill. Mar. 7, 2006) (citing Fed. R. Civ. P. 26(b)(4) advisory committee notes (1970) and noting that

Rule 26(b)(4)(A) applies to experts who will be called at witnesses to trial to provide for effective cross-examination, but that no similar reason exists to depose non-testifying experts); *Estate of Manship v. U.S.*, 240 F.R.D. 229, 237 (M.D. La. 2006) (allowing work product/consultative privilege to be restored where testifying expert witness' designation is withdrawn prior to the issuance of expert reports/opinions and the party reserved the right to amend expert designations); *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, No. Civ. A. 01-669(MPT), 2002 WL 1906628 (D. Del. Aug. 14, 2002) (collecting cases and finding that "[a] common theme is apparent throughout the cases reviewed from various jurisdictions – the conversion of an expert designated for trial purposes under Rule 26(b)(4)(A), to a consulting expert, under Rule 26(b)(4)(B) is allowed and results in insulating that expert from discovery, absent the showing of exceptional circumstances" and that "[d]ivulging the expert opinions did not alter the analysis" (with the exception of the *House* case discussed *infra*)); *Dayton-Phoenix Group, Inc. v. General Motors Corp.*, No. C-3-95-480, 1997 WL 1764760 (S.D. Ohio Feb. 19, 1997) (considering the primary purpose of Rule 26(b)(4)(B) as to allow a party to adequately prepare for cross-examination at trial and where a previously-identified expert will no longer be called at trial, exceptional circumstances must be demonstrated to conduct discovery); *Ross v. Burlington N. R. Co.*, 136 F.R.D. 638 (N.D. Ill. 1991) (denying defendant's motion to compel the deposition of an expert whose designation as such was withdrawn and holding that "[s]ince plaintiff changed his mind before any expert testimony was given in this case, the witness never actually acted as a testifying expert witness"); *In re Shell Oil Refinery*, 132 F.R.D. 437 (E.D. La. 1990) (denying a motion based on the exceptional circumstances standard to depose expert witnesses who were no longer to be called at trial); *Mantolete v. Bolger*, 96 F.R.D. 179 (D. Ariz. 1982) (denying deposition of withdrawn expert before any testimony was given).

Several cases, including *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 899 (N.D. Ohio 2009), considered the purpose of allowing a deposition of a testifying expert in determining that a withdrawn testifying expert can no longer be deposed.

> Finally, the Court finds that the intent behind the Federal Rules of Civil Procedure is better served by the majority rule. The purpose of Rule 26(b)(4)(A) is to ensure that parties can properly prepare for cross-examination of expert witness at trial. Fed. R. Civ. P. 26, Advisory Committee Notes (1970); *Dayton-Phoenix,* 1997 WL 1764760, at *1; *Bailey v. Meister Brau, Inc.,* 57 F.R.D. 11, 13-14 (N.D. Ill.1972). Rule 26(b)(4)(B), meanwhile, is intended to prevent the unfairness of allowing one party to benefit from the opposing party's trial preparation. Fed. R. Civ. P. 26, Advisory Committee Notes (1970); *Shell Oil,* 132 F.R.D. at 440; *Dayton-Phoenix,* 1997 WL 1764760, at *1; *Banks,* 1995 WL 71293, at *2; *Wolt v. Sherwood,* 828 F. Supp. 1562, 1568 (D. Utah 1993); *Nygaard,* 143 P.3d at 397. "A party must as a practical matter prepare his own case in advance of [disclosure of experts and reports], for he can hardly hope to build his case out of his opponent's experts." Fed. R. Civ. P. 26, Advisory Committee Notes (1970).

*Id.* at 904.[2] The *R.C. Olmstead* court held, which was affirmed by the Sixth Circuit, that "where a party identifies an expert as testifying under Rule 26(b)(4)(A), but subsequently redesignates the expert as non-testifying, the opposing party may only depose that expert upon a showing of 'exceptional circumstances' under Rule 26(b)(4)(B)." *Id.* (*aff'd*, 606 F.3d 262 (6th Cir. 2010)).

Until 2009, the outlier case was *House v. Combined Insurance Company of America*, 168 F.R.D. 236 (N.D. Iowa 1996). In *House*, the court held that "designation of an expert as expected to be called at trial, pursuant to Fed. R. Civ. P. 26(b)(4)(A), even if that designation is subsequently withdrawn, takes the opposing party's demand to depose and use the expert at trial out of the 'exceptional circumstances' category of Rule 26(b)(4)(B)." *Id.* at 245. *House* is often distinguished from its predecessors because in that case, the plaintiff underwent a Rule 35 medical examination that was conducted by defendant's expert witness. It was this same expert

---

[2] In 2010, the Fed. R. Civ. P. 26(a)(2) and (b)(4) were amended. As a result, cases determined prior to the effective date for the 2010 amendments refer to the current Rule 26(b)(4)(D) regarding deposing experts employed for trial purposes in "exceptional circumstances" as Rule 26(b)(4)(B). The text of subpart (b)(4)(B) was not changed, but re-numbered as the current Rule 26(b)(4)(D).

witness that defendant sought to insulate by changing his status from testifying expert to consulting expert. *Id*. at 238; *see also R.C. Olmstead, Inc.*, 657 F. Supp. 2d at 903-04 (describing *House* as "[t]he lone case", representing the minority approach and noting that *House* was decided in the context of the Rule 35 examination and the reliance that was created as a result of that examination); *Green v. Nygaard*, 143 P.3d 393, 397 n.4 (Ariz. App. Div. 2006) (distinguishing *House* for the same reasons and noting other courts' limitation of the *House* holding) (citing *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002); *Lehan v. Ambassador Programs, Inc.,* 190 F.R.D. 670, 672 (E.D. Wash. 2000)).

The majority view pre-2009 was that a party can "change its mind" and re-designate a previously-identified expert witness to retain the protections of Fed. R. Civ. P. 26(b)(4)(D). These cases did not distinguish situations where an expert's name had been disclosed but no report provided from those where the expert report had been disclosed. Indeed, the court in *Callaway Golf Company* even noted that:

> A common theme is apparent throughout the cases reviewed from various jurisdictions – the conversion of an expert designated for trial purposes under Rule 26(b)(4)(A), to a consulting expert, under Rule 26(b)(4)(B) is allowed and results in insulating that expert from discovery, absent the showing of exceptional circumstances. Although some of the cases identified herein by the parties did not indicate whether disclosure of the opinions had occurred before the change in designation, in those cases where such disclosure had clearly occurred, *In re Shell Oil Refinery* and *FMC Corporation,* the analysis was consistent between those two cases, as well as with the non-disclosure cases. **Divulging the expert opinions did not alter the analysis.** The only exception was *House,* where that plaintiff had undergone a medical examination by defendant's expert, one of the exceptions under 26(b)(4)(B).

2002 WL 1906628, at *3 (emphasis added).[3] However, the Seventh Circuit departed from this view in 2009.

---

[3] In situations where an expert provides testimony – even if that testimony is via affidavit in support of a motion for summary judgment – the "expert has prominently entered the 'judicial arena,'" and has waived protection of Rule 26 as a consulting expert. *Pizzuto v. Hardison*, No.

### B.     Seventh Circuit Cases in 2009 Departing from the Majority View.

In 2009, several courts in the Seventh Circuit considered the impact of discovery on a re-designated expert witness.  In *S.E.C. v. Koenig,* 557 F.3d 736, 744 (7th Cir. 2009), the Seventh Circuit considered whether plaintiff had to notify defendant of its intent to call, as its witness, defendant's own expert witness during trial.  Defendant in that case argued that had the SEC notified him that it intended to call his expert witness at trial, he would have withdrawn the expert as a witness.  Chief Judge Easterbrook opined:

> But how could that have helped?  **A witness identified as a testimonial expert is available to either side; such a person can't be transformed after the report has been disclosed**, and a deposition conducted, to the status of a trial-preparation expert whose identity and views may be concealed.  See Fed. R. Civ. P. 26(b)(4)(B).  **Disclosure of the report ends the opportunity to invoke confidentiality.**  So if the SEC had identified Dunbar as an expert it might call, nothing Koenig could have done would have blocked the SEC from using Dunbar's conclusions.  Any delay was harmless.

*Id*. (emphasis added).  Naturally, Defendant here cites to *S.E.C. v. Koenig* as controlling authority that it is the disclosure of the expert report that ends confidentiality and that a party has the right to change its mind at any time prior to the disclosure of the report.  [Dkt. 171 at 5.]

The Northern District of Illinois issued two opinions (one from the Magistrate Judge and one by the District Court Judge which adopted the Magistrate Judge's findings) that also make the distinction between an expert witness that has been identified but for whom no report was disclosed and an expert who has provided a report or testimony to the opposing party.  In *Hartford Fire Insurance Company, Inc. v. Transgroup Express, Inc.*, the witness at issue was disclosed as a testifying expert and two expert reports were produced to the opposing party.  264 F.R.D. 382, 383 (N.D. Ill. 2009).  **After** the deposition of the expert was scheduled, but before it

---

05-cv-516-S-BLW, 2010 WL 1651670, at *3 (D. Iowa Apr. 20, 2010); *see also United States v. Hooker Chems. & Plastics Corp.*, 112 F.R.D. 333, 339 (W.D.N.Y. 1986) (finding that experts who testify in pretrial proceedings such as via affidavit are no different from those who will testify at trial).

was conducted, Plaintiff notified Defendant that it was withdrawing the testifying expert and there was no need to depose him. *Id.* The court in *Hartford Fire*, citing *Koenig*, held that plaintiff could not re-designate a testifying expert "as a non-testifying expert witness after having identified him previously as a testifying expert witness, **and having produced in discovery two reports written by him in that capacity**." *Id.* at 384 (citing *S.E.C.*, 557 F.3d at 744) ("'A witness identified as a testimonial expert is available to either side; such a person can't be transformed **after the report has been disclosed** . . . to the status of a trial-preparation expert whose identify and views may be concealed.' A party's 'disclosure of the report ends the opportunity to invoke confidentiality.'")) (emphasis added). In adopting the Magistrate Judge's opinion, the District Judge concluded that "a party may not use Rule 26(b)(4)(B) to shield from deposition an expert who has been identified as a testifying expert **and whose report has been produced**." *Hartford Fire Ins. Co., Inc. v. Transgroup Exp., Inc.*, No. 09-C-3473, 2009 WL 2916832 at *3 (N.D. Ill. Sept. 1, 2009) (emphasis added). The District Judge considered that an expert whose report is produced to the opposing party can hardly be classified as an expert retained "to prepare for trial" pursuant to Fed. R. Civ. P. 26(b)(4)(B). *Id.* "In this Court's opinion, the very fact that a party has produced an expert's report to the opposing party shows that the expert was not hired for trial preparation but rather was hired for possible testimony." *Id.*

The Southern District of Indiana has considered this issue in two unpublished opinions. In *United States v. Cinergy Corp.*, Judge McKinney held that "the Court considers persuasive the line of cases that distinguish experts who have been designated as testifying experts then withdrawn, from experts never designated as testifying experts subject to FRCP 26(b)(4)(B). *Compare House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236 (N.D. Ia. 1996) *and Ferguson v.*

*Micahel Foods, Inc.*, 189 F.R.D. 408 (D. Minn. 1999), *with FMC Corp. v. Vendo Co.*, 196 F. Supp.2d 1023, 1046 (E.D. Cal. 2002))." *United States v. Cinergy Corp.,* No. 1:99-cv-1693-LJM-JMS, 2009 WL 1124969, at * 2 (S.D. Ind. Apr. 24, 2009). The issue in that case, like the aforementioned cases, related to the withdrawal of an expert witness whose report had been disclosed to the opposing party. *Id.* at *1. The *Cinergy Corp.* court found that plaintiffs could not use defendant's formerly designated expert witness via deposition in their case in chief based on a Fed. R. Civ. P. 26(b)(2)(D) analysis of weighing the unfairness of allowing plaintiff to reap the benefits of defendants' expense and effort and the risk of prejudice to defendants. *Id.* at *2-3.

Magistrate Judge Baker cited to the *Cinergy Corp*. decision in *Meharg v. I-Flow Corp.*, No. 1:08-cv-00184-DFH-TAB, 2009 WL 1867696, at *1 (S.D. Ind. June 26, 2009). In that case, Judge Baker considered whether Plaintiffs could be compelled to present an expert witness for deposition when Plaintiffs withdrew that expert after settling with the defendant to which that expert's testimony related. *Id.* Judge Baker held that:

> Once an expert has been designated to testify at trial, that expert is taken out of the purview of Rule 26(b)(4)(B). *Cinergy,* 2009 WL 1124969 at *2. However, it does not follow that the party seeking the withdrawn expert's deposition or seeking to use the expert at trial is necessarily entitled to do so. *House,* 168 F.R.D. at 246. The Court uses its discretion to decide whether the expert should be deposed, weighing the probative value against the prejudice. *Id.* at 247 (citing Fed. R. Evid. 403). In making this decision, the Court should consider the four interests weighing against allowing a party to depose or to use at trial the opposing party's expert: (1) the unfairness of allowing an opposing party to reap benefits from another party's effort and expense; (2) the substantial risk of prejudice arising from the fact of the prior retention of an expert by an opposing party; (3) the desire to allow counsel to obtain expert advice without fear that every consultation will yield discovery to the opponent; (4) and the fear of discouraging experts from serving as consultants if their testimony could be compelled. *Cinergy,* 2009 WL 1124969 at *2; *House,* 168 F.R.D. at 241. The Court should also consider its own interest in the proper resolution of the issues. *House,* 168 at 246.

*Id.* The court allowed the deposition of the previously-designated expert witness. *Id.* at *2.

Each of these cases decided in either the Seventh Circuit or districts therein related to factual scenarios where the expert's report had been disclosed **prior** to the party's attempt to withdraw the expert as a testifying witness. The Northern District of Indiana was faced with a factual situation more on point, where the expert's designation was changed **after** the expert was identified but **before** the expert report was disclosed. *United Consumers Club, Inc. v. Prime Time Marketing, Inc.*, Nos. 2:07-cv-358; 3:08-cv-60, 2010 WL 2162633 (N.D. Ind. May 25, 2010). In that case, the Northern District of Indiana found that "[p]arties have a right to change their minds and decide not to use an expert. This does not render the information disclosed to the expert subject to discovery." *Id.* at *3 (citing *Ross v. Burlington Northern R. Co.*, 136 F.R.D. 638, 639 (N.D. Ill. 1991)). Citing the Northern District of Illinois' *Hartford Fire Ins.* case, the court held that "[a] party can change a testifying expert to a non-testimonial expert **up until the expert report is disclosed**." *Id.* (citing *Hartford Fire Ins. Co., Inc.*, 264 F.R.D. at 384-85) (emphasis added). The court found at that point, discovery of a withdrawn expert can only be conducted upon a showing of exceptional circumstances. *Id.*[4]

C.  **Defendant's Expert Disclosure.**

The question presented to the Court is what exactly is meant by "disclosure" under Fed. R. Civ. P. 26(b)(4) and does providing just the **name** of the expert witness "disclose" the expert

---

[4] Plaintiff cites to an unpublished decision from the Northern District of Illinois. [Dkt. 176 at 4 (citing *Bone Care Int'l, LLC v. Pentech Pharms., Inc.*, No. 08-cv-1083, 2010 WL 3894444 (N.D. Ill. Sept. 30, 2010)).] In *Bone Care*, the court considered nine motions *in limine*. *Id.* at *1. Defendants sought to preclude plaintiffs from calling, in their case in chief, defendants' expert witnesses that defendants "may decide not to call as witnesses." *Id.* at *9. The court denied defendants' motion *in limine*. *Id.* at *10. Whether the defendants' experts had been fully disclosed under Rule 26 or whether they were subsequently withdrawn was not at issue. Indeed, defendants argued that "Plaintiffs should not be permitted to use deposition testimony of Defendants' experts in Plaintiffs' case-in-chief." *Id.* As a result, this Court presumes that at the motion *in limine* phase of the *Bone Care* case, defendants' experts had already been designated and their depositions and testimony given. *Bone Care* is consistent with the other Seventh Circuit cases and not directly on point with the factual scenario here.

or must a party provide both the expert's **name and the requisite expert report** to fully "disclose" an expert witness under the requirements of the Rule. It is clear under *Koenig* and its progeny that in the Seventh Circuit, once the expert's report is disclosed to the opposing party, the expert ceases to enjoy the protections of Fed. R. Civ. P. 26(b)(4)(D). Further, it is clear that prior to producing the expert report, courts find that a party can change a testifying expert to a non-testimonial expert without losing the protections of Fed. R. Civ. P. 26(b)(4)(D).

The Court is persuaded by the text of the Rule that both the disclosure of the **name** of the expert as well as the **expert's required report** is necessary to fully disclose a testifying expert under Fed R. Civ. P. 26 and comply with that Rule. The Court also agrees that parties are entitled to change their minds and decide not to use an expert to testify at trial. Here, the Defendant did so within only one week. Defendant did not disclose any testimony or expert opinions in the form of a report from Mr. Miller. Moreover, Plaintiff has shown no reliance upon Defendant's expert disclosure (which was modified one week later) that would result in any prejudice to Plaintiff. As a result, the only means by which Plaintiff is entitled to conduct discovery of Mr. Miller is the "exceptional circumstances" exception of Rule 26(b)(4)(D). However, Plaintiff contends that this exception is inapplicable and thus, has presented the Court with no basis to illustrate Plaintiff's need to conduct discovery with respect to Mr. Miller. [Dkt. 176 at 6.] As a result, Defendant's Motion to Quash is GRANTED and Mr. Miller need not respond to document request submitted by Plaintiff.

### III. Conclusion.

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Quash Subpoena [Dkt. 170] and **ORDERS** that Darren Miller need not respond to the Subpoena issued on March 21, 2013 by Plaintiff. Defendant is **ORDERED** to amend its Final Witness List [Dkt. 168] to

remove Mr. Miller's name as potential witness within seven (7) days of the date of this Order.

No other changes shall be made to Docket No. 168.

Date: 05/17/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Cari L. Sheehan
LEE FAIRMAN LLP
csheehan@nleelaw.com

Gregory P. Gadson
LEE FAIRMAN LLP
ggadson@nleelaw.com

Nathaniel Lee
LEE FAIRMAN LLP
nlee@nleelaw.com

Robert B. Turner
LEE FAIRMAN LLP
rbtatty@aol.com

John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
jmervilde@meilsattorney.com

Rick D. Meils
MEILS THOMPSON DIETZ & BERISH
rmeils@meilsattorney.com

Corinne T.W. Gilchrist
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov

Liberty L. Roberts
ROBERTS LEGAL GROUP, LLC
liberty@robertslegalgroupllc.com