UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKEY L. DAVIS, <br> SHERONDA DAVIS next best friends of <br> M.D., <br>     Plaintiffs, <br> vs. <br> CARMEL CLAY SCHOOLS, <br>     Defendant. | No. 1:11-cv-00771-SEB-MJD |

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

This matter is before the Court on Plaintiff's Motion for Sanctions Regarding Defendant's Violation of Protective Order. [Dkt. No. 179.] The Court being duly advised, **DENIES** Plaintiff's Motion.

### I.   Background

On April 25, 2012, the Court approved a protective order that had been submitted for approval by Plaintiffs and Nonparty The City of Carmel Police Department. [Dkt. 88, 95.] On April 19, 2013, Defendant filed its Brief in Support of Motion to Limit the Testimony of Expert Rebecca Hendricks; in that brief, Defendant included the full name of the Plaintiff, minor child, M.D. as part of a quotation from Ms. Hendricks' expert report. [Dkt. No. 175 at 5-6.] On May 7, 2013, Defendant moved to place Docket No. 175 under seal [Dkt. 181], which motion was granted by the Court [Dkt. 182].

On May 6, 2013, Plaintiffs moved for sanctions, alleging that Defendant violated the Court's protective order when it filed its brief that identified M.D. [Dkt. 179.] Plaintiffs' motion

begins by representing to the Court that "**the parties'** [sic] entered into an Agreed Protective Order. . .;" thereafter citing to the protective order at Docket No. 95. [Dkt. 179 at 1-2 (emphasis added).] In fact, Defendant never joined in the motion seeking entry of the protective order at Docket No. 95; rather, the protective order at Docket No. 95 was sought by Plaintiffs and a nonparty to the case in order to facilitate the production of documents by that nonparty. [Dkts. 88, 95; *see also* Dkts. 68, 77, 84, 115.] Plaintiffs and Defendant did, however, agree to the entry of the protective order at Docket No. 45. [Dkts. 40, 45.] The Court will address both protective orders, as the result of the analysis is the same.

Plaintiffs argue that Defendant's identification of M.D. in its brief fell within the definition in paragraph 2 of the Docket No. 95 protective order, which provides as follows:

> 2. Definition of Confidential, Personal and/or Private Information. "Confidential, Personal and/or Private Information" as used herein means the following information produced in this matter: the identity of and the substance of any interviews of or reports regarding any individual who was under eighteen years of age at the time the report was prepared or the interview conducted; any information subject to the provisions of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; information which may disclose the investigative techniques of any law enforcement agency; information which may disclose the prosecutorial strategy of any prosecutor; Department of Child Services ("DCS") reports and records; Chaucie's Place reports, interviews and records, as well as minor child evaluations, minor child reports or other psychological and victim reports or documents from child protective services and related governmental or private agencies; and any confidential personal information, such as Social Security numbers, otherwise protected from disclosure by law.

[Dkt. 95 at 1-2.] This provision was focused upon protecting information relating to interviews of unrelated minor children who may have witnessed matters that were relevant to the investigation conducted by The City of Carmel Police Department.

Likewise, paragraph 2 of the Docket No. 45 protective order provides as follows:

> 2. Definition of Confidential, Personal and Private Information. "Confidential, Personal and Private Information" as used herein means any information which is designated by the Defendant or the Plaintiffs to be confidential, personal and/or

> private information regarding a CCS employee, a former CCS employee, a CCS student, or a former CCS student. This definition includes, but is not limited to, any document that would be defined as a student record under the terms of the Federal Educational Rights and Privacy Act ("FERPA")₁, including the student records of M.D., the minor child at issue in this litigation, and/or any other current or former CCS student. Disclosure of this information or documents would be harmful to CCS's current and former employees and students, and would put CCS at risk of lawsuit from those employees and/or students. Information shall be designated as confidential, personal and private information only upon good faith belief that the information is confidential, personal and private, and subject to protective under Federal Rule of Civil Procedure 26(c).

[Dkt. 45 at 1-2.]

The above provisions, even if broad enough to encompass Ms. Hendricks' expert report, required Plaintiffs to clearly designate that report as confidential before the protective order might be invoked. [Dkt. 45 at 2; Dkt. 95 at 2.] A review of the copy of Ms. Hendricks' expert report submitted to the Court by the Plaintiffs demonstrates no evidence of such confidential designation. [Dkt. 130-3.] Plaintiffs' failure to designate Ms. Hendricks' report as confidential pursuant to either protective order when that report was provided to the Defendant relieved Defendant of any obligation to treat the information therein as confidential. Additionally, even if Plaintiffs had properly invoked the protective orders with respect to Ms. Hendricks' expert report, the excerpts of Ms. Hendricks' expert report that refer to M.D. and were included in Defendant's brief **do not** fall within the definition of Confidential Personal and/or Private Information set forth in either protective order. [*See* Dkt. 175 at 5-6.] Accordingly, the identification of M.D. in Defendant's brief **was not** a violation of the Court's protective order as alleged by Plaintiffs.

Plaintiffs next claim that Indiana law protects the identity of the alleged victims of rape and sexual assault, such as M.D.. [Dkt. 179 at 2.] The Court notes that neither Plaintiffs' motion, nor Plaintiffs' reply in support thereof, ever identifies the "Indiana law" that Defendant allegedly

3

violated.  In the event Plaintiffs seek to rely upon the Indiana Rape Shield Statute, Ind. Code § 35-37-4-4, that provision does not apply to protect the "identity" of an alleged victim.  To the extent Plaintiffs reference is to some other undefined "Indiana law," that undeveloped argument has been waived.  *See United States v. Dunkel,* 927 F.2d 955 (7th Cir. 1991).

Other than the parties' apparently unrecorded agreement not to use M.D.'s full name, which the Court has honored, Plaintiffs point to nothing to prohibit the identification of M.D. by name.  In the absence of any violation, no sanction is appropriate.  Accordingly, Plaintiff's Motion for Sanctions Regarding Defendant's Violation of Protective Order is hereby **DENIED.**

Date: 09/10/2013

Distribution:
All Electronically Registered Counsel

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana