UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKEY L. DAVIS, *et al.* ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:11-cv-00771-SEB-MJD |
| CARMEL CLAY SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PENDING MOTIONS**
[Docket Nos. 174, 203, and 204]

This cause is now before the Court on Plaintiffs' Motion to Remand, filed on October 17, 2013 [Docket No. 203]; Plaintiff's Motion to Make Order Final or in the Alternative, Motion to Certify Rulings for Interlocutory Appeal [Docket No. 204], filed on October 24, 2013; and Defendant's Motion to Limit Expert Testimony of Rebecca Hendricks [Docket No. 174], filed on April 19, 2013. We address these motions in turn below.

**I.    Motion to Remand**

On September 30, 2013, the Court granted Defendant's motion for summary judgment addressed only to Plaintiffs' federal claims. The Court retained jurisdiction over the unaddressed and unresolved state law claims, given the factual overlaps between Plaintiffs' state and federal claims and in light of the significant federal resources already expended thus far during the course of this litigation. On October 17, 2013, Plaintiffs

1

filed the instant motion to remand requesting that the state law claims be remanded to Marion Superior Court where Plaintiff, M.D., has a pending civil action against the four alleged perpetrators of the assaults against him which are also the subject matter of this federal lawsuit.

Plaintiffs maintain that it would be in the interests of judicial economy to remand the remaining state law claims in our lawsuit to Marion Superior Court because the allegations in M.D.'s state court complaint are substantially similar to the remaining claimgs pending here. We don't see things the same way: in our view, a remand and consolidation of M.D.'s state law claims, even if procedurally permissible, would be both inefficient and wasteful as well as significantly prejudicial to Defendant.

Although the federal and state law claims at issue in this litigation embrace different legal theories, the underlying facts giving rise to both sets of claims are identical. Consequently, the majority of the disputes that have arisen between the parties throughout the two years that this case has been pending on our docket involving issues relating to discovery, expert witnesses and spoliation of the evidence apply not only to the now dismissed federal claims, but also to the remaining state law claims. Clearly, significant federal resources have been expended to reach this point. Restarting this litigation in state court by adding four new parties some two years after the case commenced in our court and after there have been 200 docket entries, nine status conferences, numerous depositions and the resolution of at least ten fully briefed motions underscores both the obvious waste and the abuse in beginning all over again. For these reasons, Plaintiffs' Motion to Remand is denied.

## II.     Motion to Make Order Final

On September 30, 2013, the Court granted Defendant's motion for summary judgment as to Plaintiffs' federal claims, as we have noted.  Plaintiff now requests that we enter final judgment on these federal claims, or, in the alternative, certify our ruling on these claims for interlocutory appeal.  Defendant does not oppose this motion.  We agree with the parties that delaying a final judgment until the trial is concluded on Plaintiffs' state law claims runs the risk of the necessity of a second trial.  Thus, pursuant to Federal Rule of Civil Procedure 54(b), there being no just reason for delay, final judgment shall be entered in favor of Defendant and against Plaintiffs on Plaintiffs' federal claims in this lawsuit.   Accordingly, Plaintiffs' motion seeking such is granted.

## III.     Motion to Limit Expert Testimony

On April 19, 2013, Defendant moved to limit the testimony of Plaintiffs' computer forensics expert, Rebecca Hendricks.  The admissibility of expert testimony is addressed according to the framework set out in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993).  *Lewis*, 561 F.3d at 705.  Applying this framework, courts must undertake:

> a three-step analysis: the witness must be qualified "as an expert by knowledge, skill, experience, training, or education"; the expert=s reasoning or methodology underlying the testimony must be scientifically reliable; and the testimony must assist the trier of fact to understand the evidence or determine a fact in issue.

*Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007) (quoting Fed. R. Evid. 702); *see also Kumhoe Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (extending the *Daubert* admissibility framework to expert testimony in the social

3

sciences). "The *Daubert* standard applies to all expert testimony, whether it relates to an area of traditional scientific competence or whether it is founded on engineering principles or other technical or specialized expertise." *Smith v. Ford Motor Co.*, 215 F.3d 713, 719 (7th Cir. 2000) (citing *Kumho*, 536 U.S. at 141).

Here, Defendant does not oppose Ms. Hendricks's proffered opinions because she is not qualified as an expert in the specified subject matter or that her reasoning and methodology are unreliable. Rather, it maintains that certain parts of her testimony are "far beyond her technical expertise and include[] legal opinions that have nothing to do with computer forensics, and opinions on the credibility of [Defendant's] employees." Def.'s Br. at 1-2.

The main thrust of Ms. Hendricks's testimony relates to Plaintiffs' allegations of evidence spoliation. Because we denied Plaintiffs' motion for sanctions on this theory in our September 30, 2013 Order, finding no evidence to support Plaintiffs' allegation that Defendant destroyed evidence in bad faith, Ms. Hendricks's testimony implying or overtly charging wrongdoing on the part of Defendant or its employees will not be admissible at trial. The issues raised in Defendant's motion relating to Ms. Hendricks's testimony have been mooted by our denial of Plaintiff's motion for sanctions; thus, we also deny Defendant's motion to limit Ms. Hendricks's testimony as moot. However, because it is unclear at this point whether and to what extent other parts of Ms. Hendricks's testimony remain relevant to the issues yet to be tried, Defendant may seek in limine relief prior to trial, if admissibility issues remain.

### IV. Conclusion

For the reasons detailed above, Plaintiffs' Motion to Remand is <u>DENIED</u>; Plaintiffs' Motion for Final Judgment as to the federal claims is <u>GRANTED</u>; and Defendant's Motion to Limit Testimony is <u>DENIED AS MOOT</u>. The case shall proceed accordingly.[1]

IT IS SO ORDERED.

Date: _____11/25/2013_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] To the extent there is a disagreement between the parties regarding whether we should stay further action in this case pending any appeal of our summary judgment order that Plaintiffs might file, we do not attempt at this time to address those issues.

Distribution:

Cari L. Sheehan
LEE FAIRMAN LLP
csheehan@nleelaw.com

Gregory P. Gadson
LEE FAIRMAN LLP
ggadson@nleelaw.com

Nathaniel Lee
LEE FAIRMAN LLP
nlee@nleelaw.com

Robert B. Turner
LEE FAIRMAN LLP
rbtatty@aol.com

John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
jmervilde@meilsattorney.com

Rick D. Meils
MEILS THOMPSON DIETZ & BERISH
rmeils@meilsattorney.com

Corinne T.W. Gilchrist
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov

Liberty L. Roberts
ROBERTS LEGAL GROUP, LLC
liberty@roberts-legal.com